**James FLOWERS, Plaintiff—Appellant,**

v.

**SAUSE BROS., INC., Defendant—Appellee.**

**No. 04–16026.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2006.

Decided Feb. 21, 2006.

Preston Easley, Esq., Law Firm of Preston Easley, San Pedro, CA, for Plaintiff—Appellant.

Robert G. Frame, Esq., Frame Formby & O'Kane, Honolulu, HI, for Defendant—Appellee.

Before: CANBY, KLEINFELD, and BERZON, Circuit Judges.

### MEMORANDUM *

A trial court's findings of facts are reviewed under a clearly erroneous standard.[1] This standard is highly deferential, and we affirm the trial court if its account of the evidence is plausible in light of the record.[2]

There is ample evidence in the record to support the magistrate judge's finding that it was a customary and safe procedure to use two seaman to manually retrieve the slack from a spring line during a jackknife procedure. Therefore, the magistrate judge's conclusion that Sause Brothers did not breach its duty to provide Flowers with a safe work environment was adequately supported,[3] as was her conclusion that the vessel was seaworthy.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Sec. Exch. Comm'n v. Rubera,* 350 F.3d 1084, 1091 (9th Cir.2003).

2. *Id.* at 1094.

3. *See Ribitzki v. Canmar Reading & Bates, Ltd.,* 111 F.3d 658, 662 (9th Cir.1997).

